IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | Criminal No. 1:14-cr-167 |
|---|---|---|
| | : | Civil No. 1:18-cv-2381 |
| v. | : | |
| | : | Hon. John E. Jones III |
| CHICO JERMELL CARRAWAY, | : | |
| Defendant. | : | |

# **MEMORANDUM**

## **February 6, 2020**

Before the Court is the counseled Motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (Doc. 139) filed by Chico Jermell Carraway ("Carraway" or "Defendant").[1] The Motion has been fully briefed by the parties (Docs. 140 and 142) and is therefore ripe for our review. For the reasons that follow, the Motion shall be denied, and no certificate of appealability shall issue.

---

[1] Carraway commenced these §2255 proceedings by filing a *pro se* motion to vacate with brief in support. (Doc. 123 and 124). Upon our review of Carraway's *pro se* submission, we appointed counsel to represent him in these proceedings. Thereafter, attorney Craig Kauzlarich filed an amended §2255 motion and brief in support on Carraway's behalf. As such we shall dismiss Carraway's *pro se* motions (Docs. 123 and 135) as moot.

## I. BACKGROUND

On November 16, 2015, Defendant pled guilty to Counts One and Two of a 3-count Indictment charging him with distribution and possession with intent to distribute 500 grams and more of cocaine hydrochloride and 100 grams of heroin (Count 1) and possession of a firearm during and in relation to a drug trafficking crime (Count 2). (Doc. 1). The Defendant's guilty plea was made pursuant to a plea agreement, wherein it is specifically stated that Counts 1 and 2 *each* carry mandatory minimum terms of 5 years imprisonment. (Doc. 75).

Following the entry of the plea, the assigned United States Probation Officer rendered a Presentence Investigation Report ("PSR"). Following our rulings on several sentencing objections, Carraway's advisory sentencing guidelines were determined to be 100 to 125 months plus a mandatory 60 month consecutive term of imprisonment on the gun charge contained in Count 2. On April 17, 2017, we sentenced the Defendant to a term of 160 months, representing a term of 100 months on Count 1 and a consecutive 60 month term on Count 2.

Carraway filed a *pro se* notice of appeal to the United States Court of Appeals for The Third Circuit (Doc. 112) on May 2, 2017. The appeal was voluntarily dismissed on September 29, 2017. (Doc. 120).

## II. DISCUSSION

Carraway raises a single ground for relief in his motion, namely that counsel was ineffective during plea negotiations. Specifically, Carraway contends that plea counsel, Christopher Ferro, Esq., assured him that he would receive a nine year sentence.

### A. Ineffective Assistance of Counsel

Since Carraway's claim sounds in ineffective assistance of counsel, we begin with the well-established standard for such a claim under 28 U.S.C. § 2255. In order to successfully demonstrate ineffective assistance of counsel, a petitioner must establish that (1) the performance of counsel fell below an objective standard of reasonableness; and (2) the errors of counsel prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687-92, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The first prong of the *Strickland* test requires the defendant show that counsel's performance was actually deficient. *Jermyn v. Horn,* 266 F.3d 257, 282 (3d Cir. 2001). A court "deciding an actual ineffectiveness claim must judge the reasonableness of the counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland,* 466 U.S. at 690. Counsel's conduct presumptively "falls within the wide range of reasonable professional assistance," and the defendant "must overcome the presumption that,

under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689-90 (quoting *Michel v. Louisiana,* 350 U.S. 91, 93, 76 S. Ct. 158, 100 L. Ed. 83 (1955)).

The second prong of the *Strickland* test requires the defendant show that the deficient performance so prejudiced the defense as to raise doubt as to the accuracy of the outcome of the trial or sentence. *Strickland*, 466 U.S. at 693-94. The petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Jermyn,* 266 F.3d at 282 (quoting *Strickland,* 466 U.S. at 693). A "reasonable probability," for the purposes of establishing prejudice, is "a probability sufficient to undermine confidence in the outcome." *Id.*

**B. Analysis**

To review, Carraway claims that his counsel was ineffective when he "assured" him that he would receive no more than a 9 year sentence and therefore Carraway entered an involuntary guilty plea. A review of the transcript of the change of plea proceedings in this matter confirms that Carraway's claim is clearly frivolous and does not warrant a hearing. *See United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005)(a defendant is not entitled to a hearing if his allegations are contradicted or "clearly frivolous based on the existing record."); *see also Page v. United States,* 462 F.2d 932, 933 (3d Cir. 1972); *Government of Virgin Islands v.*

*Nicholas,* 759 F.2d 1073, 1077 (1985)(it is appropriate for judges to draw upon personal knowledge and recollection in considering the facts).

During the change of plea proceeding, when the assistant United States Attorney summarized the contents of the plea agreement he stated that "[b]oth Counts 1 and 2 carry a mandatory period of imprisonment of five years each" (TR 7:22-23) and that "Count 2 of the plea agreement provides for a five year mandatory term that's consecutive to the underlying offense." (TR 9:8-9). Carraway then confirmed that the Government had accurately summarized the plea agreement and that no one promised or offered him anything else to get him to plead guilty. (TR 9:15-21). The Court's recollection is that Carraway was alert, focused and oriented during this proceeding. He was also unwavering in his responses, which clearly indicated that he understood the ramifications of the plea agreement and his pleas of guilty to Counts 1 and 2 of the Indictment. In short, at the change of plea proceeding, it was made plain that Carraway was facing a 10 year sentence *at minimum*. It defies credulity that Carraway's experienced and able counsel would have "assured" him he was only going to receive a 9 year sentence and that neither Carraway or his counsel would have interjected during the change of plea proceeding to question the 10 year minimum term that was discussed by the Government counsel and the Court.

In any event, the law only requires that a defendant be informed of his exposure in pleading guilty, it does not require that he be given a reasonable best-guess as to what his actual sentence will be. *See United States v. Shedrick*, 493 F.3d 292 (3d Cir. 2007). Further, an erroneous sentencing prediction by counsel or failure to anticipate a guideline enhancement does not render a plea involuntary. *See Masciola v. United States*, 469 F.2d 1057, 1059 (3d Cir. 1972). Carraway attempts to distinguish his claim by asserting that Attorney Ferro "assured" him that his sentence would be nine years. Attorney Ferro has practiced before this Court for many years, and we harbor grave doubts that he would ever make such an assurance given the extant facts. But what is ultimately dispositive is that Caraway was clearly advised, and manifestly signaled, that he understood that his sentencing exposure exceeded nine years.

Accordingly, we find that Carraway's ground for relief in the instant Motion is meritless, and his Motion shall be denied.

### C. Certificate of Appealability

Based on the foregoing analysis, we do not find that Carraway has made a substantial showing of the denial of a constitutional right, and as such, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2).

An appropriate Order follows.